Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ALFREDO FACUNDO ROSADO, MARÍA S. LAUREANO DE ÁNGEL y la Sociedad Legal de Gananciales compuesta por ellos<br><br>Recurridos<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE SAN JUAN p/c Honorable Alcalde MIGUEL ROMERO LUGO, ESTADO LIBRE ASOCIADO DE PUERTO RICO por conducto del Honorable Secretario de Justicia DOMINGO EMANUELLI HERNÁNDEZ; **UNIVERSAL INSURANCE COMPANY**, FULANO DE TAL, CORPORACIONES ABC, ASEGURADORAS XYZ y otros<br><br>Peticionarios | KLCE202400668 | *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV07689 (806)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de julio de 2024.

Comparece ante nos Universal Insurance Company ("Universal" o "Peticionaria") mediante *Certiorari* presentado el 17 de junio de 2024. Nos solicita que revoquemos la *Resolución y Orden* que se emitió y notificó el 16 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro primario declaró *Ha Lugar* la *Moción de Reconsideración [...]* que presentaron Alfredo Facundo Rosado ("señor Rosado"), María Laureano de Ángel ("señora Laureano") y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "esposos Rosado-Laureano" o "Recurridos"). En consecuencia, el

Número Identificador

SEN(RES)2024_____

foro *a quo* dejó sin efecto la *Sentencia Sumaria Parcial* que emitió y notificó el 7 de diciembre de 2024, la cual desestimó con perjuicio el pleito contra la Peticionaria.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

**I.**

El 10 de agosto de 2023, los esposos Rosado-Laureano instaron una *Demanda* sobre daños y perjuicios contra el Municipio Autónomo de San Juan, MAPFRE-PRAICO Insurance Company y otros demandados de nombre desconocido.[1] Alegaron que, el 24 de febrero de 2024, el señor Rosado resbaló en una rampa de impedidos que había sido pintada recientemente por empleados del Municipio de San Juan, la cual aún se encontraba húmeda y resbalosa. Adujeron que este resbalo ocasionó que el señor Rasado cayera de espalda, golpeándose así varias partes de su cuerpo. Arguyeron que, como consecuencia de ello, tuvo que someterse a varios tratamientos médicos. De la misma forma, argumentaron que al momento de la caída no habían empleados del Municipio de San Juan en los alrededores, la rampa no estaba clausurada al público, pese a su condición de peligrosidad y no había ningún tipo de letrero que alertara a los peatones.

Ante esto, los Recurridos solicitaron una indemnización no menor de $150,000.00 por los daños físicos y angustias mentales sufridos por el señor Rosado. Además, solicitaron $50,000.00 por los daños sufridos por la señora Laureano, $1,500.00 por los gastos médicos incurridos por la Sociedad Legal de Gananciales y $15,000.00 por la pérdida de ingresos que ha sufrido el señor Rosado ya que este no ha podido desempeñarse en su empleo por las lesiones ocasionadas producto de la caída. Posteriormente, el 22

---

[1] Apéndice *certiorari,* págs. 1-6.

de agosto de 2023, los Recurridos presentaron una *Demanda Enmendada*.[2] En esencia, incluyeron en su reclamación al Estado Libre Asociado de Puerto Rico por conducto del Departamento de Transportación Publica ("DTOP") y su aseguradora, Universal.

Así las cosas, el 15 de noviembre de 2023, la Peticionaria presentó una *Solicitud de Sentencia Sumaria Parcial por Inexistencia de Cubierta*.[3] Mediante esta, esgrimió que de la póliza emitida se desprendía cuáles eran los predios específicos que esta cubría. De igual modo, informó que la Avenida Ponce de León, lugar donde ocurrieron los hechos, no conformaba parte de los predios enumerados en la cubierta de *General Liability*. Aclaró que conforme surge de la clasificación número 131 dentro de la póliza, se desprendía el lenguaje "*anywhere in the island of Puerto Rico*" y que esto únicamente aplicaba a productos de fumigación y jardinería. Por ello, la Peticionaria solicitó que el foro primario dictara sentencia sumaria parcial y desestimara toda reclamación en su contra.

Evaluado este escrito, el 7 de diciembre de 2023, el foro primario dictó y notificó *Sentencia Sumaria Parcial*.[4] Por virtud de esta, el foro *a quo* declaró *Ha Lugar* la solicitud de sentencia sumaria instada por la Peticionaria. Concluyó que de los hechos probados y no controvertidos surgía que, al momento de que ocurrieran los hechos, Universal tenía expedida una póliza en beneficio del DTOP la cual especificaba los predios cubiertos por esta. Razonó que, de la lista de dichos predios, no se encontraba el lugar donde ocurrió la caída por lo cual, Universal no tenía obligación de indemnizar los daños de los Recurridos. Cabe aclarar, que conforme surge de la propia *Sentencia Sumaria Parcial*, los esposos Rosado-Laureano no

---

[2] *Íd*, págs. 7-12.
[3] *Íd*, págs. 13-22.
[4] *Íd*, págs. 474.480.

presentaron ningún escrito de oposición en el término que el foro primario le concedió.

Inconforme con tal determinación, el 11 de diciembre de 2023, los Recurridos presentaron una *Moción de Reconsideración (Entrada Núm. 23*).[5] En esta, admitieron que no presentaron su escrito de oposición a la solicitud de sentencia sumaria, pero pese a esto, entendían que la misma se debió haber rechazado de plano. Sostuvieron que la razón de ello obedecía a que la póliza de seguro en cuestión era una póliza de responsabilidad pública o responsabilidad comercial general. Enfatizaron en que el planteamiento de Universal en cuanto a interpretar dicha póliza de responsabilidad general como una póliza de responsabilidad por locales, requería que el endoso de predios designados debía ser claro en inequívoco. Así pues, recalcó que las tablas de Cubiertas Misceláneas de los predios del DTPO que utilizó la Peticionaria para sostener su postura, no limitaban la cubierta de responsabilidad general comercial de la póliza.

En respuesta, el 16 de enero de 2024, Universal presentó una *Oposición a Moción de Reconsideración de Sentencia.*[6] En lo pertinente, reiteró su posición en cuanto a que la cubierta de *General Liability* contenía una lista de predios de los cuales el DTOP era dueño, alquilaba u ocupaba. Sostuvo que la expresión "*Anywhere in the Island, San Juan Puerto Rico 00924*" únicamente aplicaba a productos de fumigación y productos de jardinería y los recurridos no reclamaron bajo ninguna de estas dos categorías.

Por su parte, el 17 de enero de 2024, los esposos Rosado-Laureano, presentaron una *Réplica a Oposición a Moción de Reconsideración.*[7] En síntesis, destacó que existía una cubierta

---

[5] *Íd,* págs. 481-491.
[6] *Íd,* págs. 505-519.
[7] *Íd,* págs. 520-526.

general aplicable a todo el territorio de Puerto Rico y existía otra cubierta miscelánea para cubrir daños relacionados a productos o trabajos de fumigación o jardinería.

Tras evaluar la postura de las partes, el foro primario dictó y notificó una *Resolución y Orden* el 16 de mayo de 2024.[8] Por virtud de esta, declaró *Ha Lugar* la solicitud de reconsideración de los Recurridos. En esencia, determinó que era un hecho incontrovertido que la póliza número 09-560-000668833-7/000 había sido emitida por Universal a su asegurado, el DTOP, con vigencia desde el 30 de junio de 2022 al 30 de junio de 2023, la cual incluía una cubierta de *Comercial General Liability* ("CGL"). Asimismo, subrayó que la aludida póliza contenía unas tablas que detallaban los límites de lo que la Peticionaria estaba obligada pagar. Agregó que seguido a dichas tablas había otra tabla de dos (2) columnas intitulada *Miscellaneous Coverage Policy*. Así pues, el foro primario adjudicó lo siguiente:

> En primer lugar, el lenguaje del CGL provee que su cubierta aplica a "bodily injury" y "property damage" solamente si la ocurrencia sucede dentro del periodo de vigencia de la Póliza y si ocurre en "coverage territory". El CGL define el término "coverage territory" como los Estados Unidos de América, Puerto Rico, y Canadá. No hace referencia a los listados de localizaciones específicas. Esta contradicción señala a que la Cubierta Miscelánea debe de considerarse separada a la cubierta por responsabilidad general comercial.

> En segundo lugar, la Póliza no define el término "miscellaneous coverage", lo cual crea una ambigüedad sobre el efecto de este término. La Cubierta Miscelánea se menciona dentro del CGL, pero separado de la tabla que desglosa los límites del seguro. Existe una controversia material si la Cubierta Miscelánea se dirige a proveer una cubierta adicional, extender partes del CGL o a limitar la cubierta.

> En tercer lugar, en ausencia de una disposición expresa, la mera asignación de clasificaciones específicas a ciertas localizaciones no tiene el efecto de modificar la cubierta. La clasificación es un sistema de codificación que, en práctica, es una herramienta que se utiliza con la intención de agrupar a los asegurados dentro de clasificaciones para que la tasa de cada clasificación refleje los riesgos comunes de dichos asegurados.[9]

---

[8] *Íd*, págs. 535-544.
[9] *Íd*, págs. 541-542.

Ante este escenario, el foro *a quo* declaró *Ha Lugar* la *Moción de Reconsideración*, dejó sin efecto la *Sentencia Sumaria Parcial* que se dictó el 7 de diciembre de 2023 y en consecuencia se declaró *No Ha Lugar* la solicitud de sentencia sumaria parcial de la Peticionaria. Igualmente, ordenó a Universal a contestar la *Demanda* en un término de veinte (20) días.

Insatisfecho aun, el 17 de junio de 2024, Universal compareció ante nos mediante el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erró el honorable tribunal de instancia al declarar ha lugar la moción de reconsideración de la parte demandante y dejar sin efecto la sentencia sumaria parcial de 7 de diciembre de 2023 desestimando la reclamación contra universal.
>
> Erró el honorable tribunal de instancia al no dar cumplimiento a la Regla 36.4 de Procedimiento Civil y no incluir cuales de los hechos sometidos por universal como que no estan en controversia fueron controvertidos y cuáles no.

El 24 de mayo de 2024, emitimos *Resolución* en la que, entre otros asuntos, le concedimos un término de diez (10) días a los Recurridos para que mostrara causa por la cual no debíamos expedir al auto de *certiorari* y revocar la determinación impugnada. Oportunamente, los esposos Rosado-Laureano presentaron su *Oposición a Recurso de Certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa aplicable a la controversia ante nuestra consideración.

## II.
### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205

DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, *supra*, el Tribunal Supremo resolvió que "las resoluciones atinentes a asuntos postsentencia [como la que tenemos ante nuestra consideración] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*". *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Aun cuando la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta, por vía de excepción, para atender asuntos sobre relaciones de familia, al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida. En el presente caso, la Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso

irremediable de la justicia en esta etapa de los procesos, procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones